### Frank Darst *v* J H. Devini.

Decided May 8. 1907.

**1.—Abandonment of Contract—Evidence—Charge.**

　　Where the issue was whether or not a certain contract permitting the cutting of timber on plaintiff's land had been abandoned, and if so, when; and the defendant introduced in evidence a notice in writing from the plaintiff dated November 16, 1905, in which it was stated that the said contract "is hereby declared terminated," it was not error, as upon the weight of the evidence,

for the court to charge the jury that if the plaintiff did not consider the contract abandoned until he executed said notice, to find for the defendant.

**2.—Giving Special Charge.**

When the court gives a special charge at the request of plaintiff directing the attention of the jury to a particular part of the evidence, the plaintiff can not complain if the court gives a charge requested by defendant directing the attention of the jury to the same evidence.

**3.—Improper Evidence—Harmless.**

When, in view of the verdict, the admission of irrelevant evidence was evidently harmless, its admission is not reversible error.

Appeal from the District Court of Liberty County.    Tried below before Hon. L. B. Hightower.

*Nugent & Foster,* for appellant.—It is improper for the court to call the attention of the jury to particular parts of the evidence, and the special charge of the court, "You are further instructed as a part of the law of this case that if Frank Darst, the plaintiff, did not consider the contract abandoned until he executed the written notice, dated November 16, 1905, you will find for the defendant," was clearly upon the weight of evidence and erroneous. Burcham v. Gann, 1 U. C., 334; International & C. N. Ry. v. Ormond, 62 Texas, 275; Mayo v. Tudor's Heirs, 74 Texas, 473.

The court also erred to the manifest prejudice of the plaintiff in admitting, over the objection of plaintiff, the testimony of defendant to the effect that he had been injured and damaged in his business, and his credit impaired by the institution of this suit and the service of the injunction herein, and also erred in overruling plaintiff's request to strike out said testimony and to instruct the jury not to consider the same, because there was no pleading by the defendant to warrant the introduction of such testimony, there being no plea in reconvention for damages by reason of said injunction proceedings, and because said evidence, and the discussion of same by counsel was highly prejudicial to plaintiff's cause, and calculated to prejudice the minds of the jury and to inflame their minds and prejudice wrongfully and unlawfully against the rights of the plaintiff.    Wheeler v. Wheeler, 65 Texas, 573; Johnson v. Lyford, 9 Texas Civ. App., 85.

*Stevens & Pickett,* for appellee.—The plaintiff having requested the court to give the jury a special instruction, specifically calling their attention to the written notice of November 16, 1905, and instructing them as to the legal effect of said written notice, it was not error for the defendant to request a special instruction further explaining the legal effect of said written notice.    International & G. N. v. Stein, 11 Texas Civ. App., 389; Byrd v. Ellis, 35 S. W. Rep., 1070; Missouri K. & T. Ry. Co. v. Johnson, 37 S. W. Rep., 775; Brady v. Georgia Ins. Co., 24 Texas Civ. App., 465.

JAMES, CHIEF JUSTICE.—The amended original petition of Darst upon which the case was tried sets forth a written agree-

ment, or rather conveyance reciting agreements, executed by appellant Darst to W. L. Mainer. The substance was that Darst sold to Mainer his mill and equipments upon the Daniel Donaho league in Liberty County at Darst Switch together with a lease of 20 acres at that switch for five years. Also sold to Mainer "all my timber on the above league at $1.00 per M," etc. That said writing, which was dated December 12, 1903, was only a part of the agreement, there being other terms collateral, and subsequently entered into, by which it was orally agreed that Mainer would begin cutting timber in sections and would cut timber from one section and then immediately release and turn over that section to Darst, and it was agreed that any abandonment of any part of said land by Mainer or his assigns would operate as a relinquishment of all his rights under the bill of sale and contract. That Devini, who was Mainer's assignee, had notice of all said agreements and ratified same and undertook their execution. That about June, 1905, Devini in compliance with said agreements "abandoned said land as to the cutting of timber and fully and absolutely released and relinquished unto plaintiff all his rights, title and interest in and to any of the timber remaining on said land and then and there declared to plaintiff that he had finished cutting and would not cut any more of said timber, and plaintiff thereupon accepted said abandonment on part of defendant as aforesaid and immediately repossessed himself of all the timber thereon and has ever since remained in said possession of said land and timber up to on or about December, 1905, at which time defendant wrongfully and unlawfully entered upon said land and resumed the cutting of said timber over the protests of plaintiff." Then follow allegations that in pursuance of said abandonment and relinquishment plaintiff repaired his mill and prepared to transport thereto the balance of the timber on the land to manufacture it into lumber, at great expense; also that defendant was insolvent.

The prayer was for perpetuation of an injunction that was obtained herein, for annulment of all said contracts, etc., and that plaintiff be quieted in his rights and title to all timber standing and which has been cut, and for general relief.

Defendant pleaded general denial, denied the allegations of insolvency, and acts of abandonment.

The verdict specifically found that the contract had not been terminated by the act of the parties and decree was for defendant accordingly.

The issue was whether or not Devini abandoned the land and timber and released the same to Darst, or declared to plaintiff Darst that the contract was at an end, or that he would not cut any more timber. The instructions asked by plaintiff so submitted the issue, which was substantially as the court had submitted it in the main charge. And such was the effect of the pleading. This was in reality the issue of whether or not the contract had been mutually abrogated by the acts of the parties. The testimony was conflicting. Our conclusion of fact from the evidence is that there was testimony to support the finding: "We the jury find that the

timber contract was not terminated by the act of the parties, and we therefore find for the defendant John Devini." This conclusion disposes of the first assignment of error.

The second assignment complains of the following special instruction given at defendant's request: "You are further instructed as a part of the law of this case that if Frank Darst did not consider the contract abandoned until he executed the written notice dated November 16, 1905, you will find for the defendant."

It appeared that a notice dated November 16, 1905, was posted and also served on defendant, as follows: "Notice: All parties are hereby notified not to cut or remove any timber from the south 2-3 of the Daniel Donohue league in Liberty County, Texas. The contract with W. L. Manier & Co. for the timber on the above land is hereby declared terminated and anyone cutting timber on above land without first getting permission will be trespassing and will be treated as the law directs for such offense (the tracts of Mrs. Nannie Smith, Mrs. Howard and B. J. Middlebrooks not included in the above notice). The above land and timber with the exceptions given is my property. (Signed) Mrs. Jeanette E. Darst, by Frank Darst, Agt."

"Came to hand November 16, 1905, and executed by delivering to J. H. Devini a true copy of the above notice. Witness my hand this —— day of Nov. A. D. 1905. J. W. Smith, Constable."

Plaintiff admitted signing this notice, but insisted that the contract had been rescinded by Devini in July. The issue being whether or not the parties had rescinded the contract in July or long prior to November 16, it is manifest that if this was true Darst must have considered it abandoned when it was thus mutually rescinded, and if he did not consider it abandoned until he gave this notice, the contract could not have been rescinded as plaintiff claimed. The charge did not inform the jury that the contract was not rescinded, or not considered rescinded by plaintiff until November 16, but instructed them, in effect, that if plaintiff did not at a time prior to this notice consider the contract at an end, his allegations were not proved and to find for defendant. This was correct and not on the weight of evidence.

In this connection it is further insisted that it was improper for the court to thus call the attention of the jury to a particular part of the evidence. It appears that one of plaintiff's requests which was given called attention to this notice and by it the jury were told that if Devini abandoned and turned over the timber and plaintiff accepted it prior to the giving of the notice, the giving of such notice would not have restored defendant to any rights under his contract and could not affect plaintiff's rights one way or the other and "if you so find you will return a verdict for plaintiff." It is singular that appellant should complain of the charge in question for the reason that it directed the jury's attention to the notice, when a charge asked by appellant did the same thing.

The third assignment is that the court erred to the manifest prejudice of the plaintiff in admitting over plaintiff's objection, testimony of the defendant to the effect that he had been injured

and damaged in his business and credit by the institution of this suit and the service of the injunction herein; and also erred in overruling plaintiff's request to strike out said testimony and to instruct the jury not to consider it, there being no pleading by defendant to warrant its introduction, and no plea in reconvention for damages sustained by said injunction. It appears that the testimony was not objected to at the time it was given, but after defendant finished testifying plaintiff moved to strike this part of it out. The court in refusing to do this stated: "There is a good deal of evidence offered that is immaterial and not pertinent and a good deal that is not relevant and if the objection had been raised I would have sustained it. I think it should be stricken out, it is wholly irrelevant, but I won't strike it out now. There is so much in the case that is irrelevant and immaterial that I could not sift the chaff from the wheat, I have never seen a case with so much irrelevant matter in it." We think it is sufficient to say in overruling this assignment that the evidence complained of bore no relation to the issue submitted to the jury, and in view of the verdict which was simply that the contract had not been abandoned by the act of the parties, it is evident that the testimony had nothing to do with the issue submitted and could not be supposed to have influenced the finding. Brown v. Bacon, 63 Texas, 597.

*Affirmed.*

Writ of error refused.